UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO TREJO and ALVARO PEREZ, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | FILED: APRIL 26, 2008 |
| v. ) | NO. 08 CV 2386   JH |
| ) | JUDGE COAR |
| AMERICAN MANAGEMENT SERVICES, ) | MAGISTRATE JUDGE NOLAN |
| LLC, a limited liability company, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT

The Plaintiffs, Mario Trejo and Alvaro Perez, by and through their attorneys, WALSH, KNIPPEN, KNIGHT AND POLLOCK, CHARTERED, complain of the Defendant, American Management Services, LLC, a limited liability company, as follows:

### Jurisdiction

The jurisdiction of the Court is invoked pursuant to 28 U.S.C.§ 1331 and 42 U.S.C. § 2000e-5(f)(3), because the Plaintiffs' claims arise under the United States Constitution and the laws of the United States, particularly including a claim under 42 U.S.C. § 2000e.

### Venue

Venue for this case lies in the Federal District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the below-stated claims occurred within that District.

### Parties

1.    The Plaintiff, Mario Trejo, is a Hispanic male, age 38, residing in Lombard, Illinois, within the jurisdiction of this Court.  He was born in Mexico.  As a Hispanic person, he is a member of a group protected under Title VII from employment discrimination on the basis

1

of national origin. From about August 2004 through about August 10, 2005, he was employed by the Defendant as a maintenance worker at the Clover Creek Apartments complex at 830 Foxworth Boulevard, Lombard, Illinois.

2. The Plaintiff, Alvaro Perez, is a Hispanic male, age 58, residing in Addison, Illinois, within the jurisdiction of this Court. He was born in Mexico. As a Hispanic person, he is a member of a group protected under Title VII from employment discrimination on the basis of national origin. From about December 2003 through about October 24, 2005, he was employed by the Defendant as a maintenance worker at the Clover Creek Apartments complex at 830 Foxworth Boulevard, Lombard, Illinois.

3. Defendant American Management Services, LLC, ("AMS") is a limited liability company doing business within the Northern District of Illinois. AMS provides management services for apartment complexes and other real estate, including the Clover Creek Apartments complex in Lombard, Illinois. Defendant AMS employs more than 500 employees in its business.

**Events**

4. Plaintiffs Mario Trejo and Alvaro Perez were maintenance workers employed by Defendant AMS to work at the Clover Creek Apartments, an apartment complex consisting of over 700 units.

5. As of approximately fall 2004, there were six maintenance workers in all at the Clover Creek Apartments. Four workers were white, and Trejo and Perez were Hispanic.

6. The job of maintenance worker at Clover Creek Apartments was a good-paying maintenance job with overtime work often available.

7. Sometime in about November 2004, Jim Naylor, a white male, became the supervisor of the maintenance workers at the Clover Creek Apartments. After Jim Naylor became supervisor, a culture of prejudice against the Hispanic workers began to exist at Clover Creek. For example:

(a) The Hispanic workers (Trejo and Perez) would be given work assignments that were difficult to complete in the time allotted, and the white employees were not given these difficult work assignments or time constraints;

(b) The Hispanic workers would be disciplined or chastised for taking too long to complete maintenance projects, whereas the white maintenance workers were not;

(c) Naylor would send one of the white workers to double-check the work done by Trejo and Perez, even though the white worker had less maintenance experience than Trejo or Perez;

(d) The above examples all had the effect of allowing the white employees to obtain more overtime hours than the Hispanic employees were able to obtain;

(e) Naylor and the other white maintenance employees would make derogatory remarks to the Hispanic employees who did not speak English well;

(f) Naylor and the other white maintenance employees would make racist remarks.

8. The Hispanic employees, Trejo and Perez, began suspecting that Naylor was trying to force them to leave their jobs, so he could hire white employees in their place. In addition to those facts set forth in the above paragraph, the following events contributed to this suspicion:

(a) On one occasion, Trejo caught one of the other white maintenance employees at night stooped over or bent down next to or under part of his work van. There was no good reason for that employee to be there and he gave an unbelievable explanation;

3

  (b) On another occasion, one of the other white maintenance employees was found to have punctured one of the tires on Trejo's work van with a screwdriver;

  (c) On a third occasion, Trejo discovered the brake line on his work van was cut;

  (d) On a fourth occasion, the windshield to Trejo's personal vehicle was broken.

All of these events occurred before May 2005, while Trejo was living on-site at the Clover Creek Apartments complex.

  9. On or about July 2, 2005, Naylor assigned Trejo and Perez to install a stackable washer-dryer unit in an apartment. This washer-dryer unit was brand new, but it was missing the wheels that it was supposed to have. Perez and Taylor pointed out to Naylor the fact that the unit was missing wheels, but Naylor sent them to install it anyway.

  10. On information and belief, the lack of wheels on the washer-dryer unit caused the unit to shake, which in turn caused the unit to leak. On one or more occasions, the resident of the apartment in which the leak was occurring reported the leak to the management office of the apartment complex. However, Naylor, the maintenance supervisor, did not send any maintenance worker to fix the leak.

  11. The resident also complained to Perez on more than one occasion, and Perez told Naylor that the washer-dryer unit needed to be fixed. Naylor told Perez not to worry about it because it was not Perez's job duty to fix washer-dryer units.

  12. Because the leak was not fixed, the property damage it was causing became worse, and spread to other apartments.

13. Trejo and Perez believe that Naylor did not have the leaking washer-dryer unit fixed because he wanted to be able to blame Trejo and Perez for the property damage that eventually resulted, in order to justify terminating their employment.

14. On or about August 15, 2005, Naylor terminated Trejo's employment with the Defendant. Naylor informed Trejo that the reason for his termination was his improper installation of the washer-dryer unit without wheels on July 2, 2005, and the significant property damage that the improper installation had caused.

15. On or about that same date, Naylor had a meeting with Perez for which he issued a written notice for corrective action concerning the installation of the washer-dryer unit without wheels on July 2, 2005, and the significant property damage that the improper installation had caused. It is Trejo and Perez's belief that Perez was not fired on the same day as Trejo because Naylor had not obtained enough disciplinary "write ups" on Perez to justify his termination as of that date.

16. On or about October 24, 2005, Naylor terminated Perez's employment with the Defendant. Naylor and the general manager of Clover Creek Apartments, Lisa Smith, informed Perez that he was being terminated because it had taken him too long to fix a sink in an apartment, too long to change the locks on all of the apartments, and the washer-dryer incident set forth above.

17. As a result of being discharged from their employment by AMS, the Plaintiffs were unemployed for a lengthy period of time, during which they tried to obtain other gainful employment. When they eventually did become re-employed, by other employers, they did not earn as much income as they were earning before the employment discrimination described herein. The loss of income which the Plaintiffs experienced caused them (among other things)

great indebtedness, loss of personal property, loss of their homes, and great anxiety and emotional distress.

## Procedural Requirements

18. On or about December 8, 2005, the Plaintiff, Mario Trejo, filed a charge of discrimination with the Equal Employment Opportunity Commission. On or about December 8, 2005, the Plaintiff, Alvaro Perez, filed a charge of discrimination with the Equal Employment Opportunity Commission. This satisfied the requirements of 42 U.S.C. § 2000e-5(b), (e). This charge was filed within 180 days of the unlawful employment practice. Copies of the charges are attached hereto as "Group Exhibit A." On January 28, 2008, the Equal Employment Opportunity Commission mailed a Notice of Right to Sue to both Plaintiffs, with respect to the charges of discrimination. Copies of the notices are attached hereto as "Group Exhibit B."

## Count I
## Title VII Violation – Trejo v. American Management Services, LLC

1-18. Plaintiff Trejo re-alleges and incorporates by reference herein paragraphs 1 through 18 of this Complaint as though fully set forth in this Count I.

19. The above-stated facts constitute an unlawful employment practice of Defendant AMS in violation of 42 U.S.C. § 2000e-2(a) in that Defendant AMS discriminated against the Plaintiff, Mario Trejo, its employee, with respect to the compensation, terms, conditions and privileges of his employment, because of his national origin (Hispanic).

20. The unlawful employment practice set forth above did cause injury and loss to the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff Trejo prays that judgment be entered in his favor and against the Defendant AMS and that the Plaintiff be awarded all relief available to him by law and statute, including but not limited to back pay, compensatory damages, punitive damages,

reinstatement or front pay if reinstatement is not proper or available, reasonable attorney's fees and costs, and for such other and further relief as the court deems just and proper.

## Count II
## Title VII Violation – Perez v. American Management Services, LLC

1-18. Plaintiff Perez re-alleges and incorporates by reference herein paragraphs 1 through 18 of this Complaint as though fully set forth in this Count I.

19. The above-stated facts constitute an unlawful employment practice of Defendant AMS in violation of 42 U.S.C. § 2000e-2(a) in that Defendant AMS discriminated against the Plaintiff, Alvaro Perez, its employee, with respect to the compensation, terms, conditions and privileges of his employment, because of his national origin (Hispanic).

20. The unlawful employment practice set forth above did cause injury and loss to the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff Perez prays that judgment be entered in his favor and against the Defendant AMS and that the Plaintiff be awarded all relief available to him by law and statute, including but not limited to back pay, compensatory damages, punitive damages, reinstatement or front pay if reinstatement is not proper or available, reasonable attorney's fees and costs, and for such other and further relief as the court deems just and proper.

## Jury Demand

The Plaintiffs demand trial by jury as to all Counts of this Complaint.

Respectfully submitted,

 s/ Thomas L. Knight

Thomas L. Knight
Adam C. Kruse
WALSH, KNIPPEN, KNIGHT &
POLLOCK, CHARTERED
2150 Manchester Rd., Ste. 200
Wheaton, IL 60187-2476
630-462-1980

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>210-2006-01310 |
|---|---|---|

Illinois Department Of Human Rights                               and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Mario Trejo | Home Phone No. (Incl Area Code)<br>(630) 745-7016 | Date of Birth<br>04-30-1970 |
|---|---|---|
| Street Address<br>559 South Park Road, | City, State and ZIP Code<br>Lombard, IL 60148 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>AMERICAN MANAGEMENT SERVICES, LLC | No. Employees, Members<br>15 - 100 | Phone No. (Include Area Code)<br>(630) 953-1335 |
|---|---|---|
| Street Address<br>830 Foxworth, | City, State and ZIP Code<br>Lombard, IL 60148 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-15-2004    Latest: 08-10-2005
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by Respondent in August 2004 at the Clover Creek Apartments as maintenance employee. In October 2004 a non-Hispanic employee was hired to be the maintenance supervisor. Since November 2004 though August 2005 I along with my Hispanic co-workers were subjected to discipline for violations for which the non-Hispanic employees were not disciplined. On August 10, 2005 I was discharged from my position because four months before I installed a washing machine without wheels. I was replaced by a non-Hispanic employee.

II. I believe that I have been discriminated against because of my national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

DEC 0 8 2005

CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Dec 08, 2005

*Charging Party Signature*

NOTARY -- When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

GROUP EXHIBIT A

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 210-2006-01315 |

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Alvaro Perez | (630) 458-0523 | 02-19-1950 |

Street Address: 529 West Memory Lane, Addison, IL 60101

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| AMERICAN MANAGEMENT SERVICES, LLC | 15 - 100 | (630) 953-1335 |

Street Address: 830 Foxworth Boulevard, Lombard, IL 60148

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-09-2005   Latest: 10-24-2005
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by Respondent in December 2003 at the Clover Creek Apartments as maintenance employee. In October 2004 a non-Hispanic employee was hired to be the maintenance supervisor. Ever since, I along with my Hispanic co-workers were subjected to discipline for violations for which the non-Hispanic employees were not disciplined. On October 24, 2005 I was discharged from my position because of the time it took me to fix a flooded sink the prior week. I was replaced by a non-Hispanic employee.

II. I believe that I have been discriminated against because of my national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

DEC 0 8 2005

CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Dec 08, 2005
Date    *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 161-A (3/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: Mario Trejo
559 South Park Road
Lombard, IL 60148

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0014 4054 0187

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2006-01310 | Nanisa Pereles, Investigator | (312) 353-8739 |

TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_John P. Rowe_      1/28/2008
John P. Rowe,
District Director      (Date Mailed)

cc: AMERICAN MANAGEMENT/PINNACLE

**EXHIBIT B**

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: Alvaro Perez
529 West Memory Lane
Addison, IL 60101

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0014 4054 0170

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 210-2006-01315
EEOC Representative: Nanisa Pereles, Investigator
Telephone No.: (312) 353-8739

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

John P. Rowe,
District Director

1/28/2008
(Date Mailed)

cc: AMERICAN MANAGEMENT/PINNACLE